```
                    FILED
                   OCT - 5 2010
                        KG
                CLERK, US DISTRICT COURT
                     NORFOLK, VA
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

CHANEL, INC.,
a New York corporation,

    Plaintiff,

v.

LIU LING and DOES 1-10,

Serve: Liu Ling
    Tianhequ, guangzhoushi
    Guangdongsheng China 510000

    Defendants.

Civil Action No: 2:10cv489

## COMPLAINT FOR TRADEMARK COUNTERFEITING AND INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND CYBERPIRACY

Plaintiff, Chanel, Inc. ("Chanel"), hereby sues Defendants Liu Ling ("Ling") and Does 1-10 (collectively "Defendants"), individually and jointly, doing business as the domain names identified on Schedule "A" hereto (collectively the "Subject Domain Names") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a) and 1125(d). Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens whom conduct substantial infringing activities and cause harm within this District. Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers within this District through at least the fully interactive, commercial Internet websites operating under the Subject Domain

1

Names. Moreover, VeriSign Global Registry Services and Public Interest Registry, the domain registries for each of the .com, .net, and .org Subject Domain Names owned by Defendant are located within this District.

## THE PLAINTIFF

2. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel operates boutiques throughout the world, including within this Judicial District. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, a variety of high quality luxury goods, including, but not limited to, handbags, wallets, shoes, boots, sunglasses, watches, and jewelry, under Federally registered trademarks.

## THE DEFENDANTS

3. Defendant Ling is an individual who, upon information and belief, resides in the People's Republic of China, and who conducts business throughout the United States, including within this Judicial District through the operation of various fully interactive commercial websites operating under at least the Subject Domain Names. Upon information and belief Defendant Ling uses the aliases Liuling, Liutinx, Liuxing, Lintao, Zhonglin, Zhongling, Zhouxue, Beixing, Tonybrian, and Chanel, Inc. in conjunction with the operation of the Subject Domain Names. Defendant Does 1-10 are individuals and/or business entities, who, upon information and belief conduct business within this jurisdiction through the operation of various fully interactive commercial websites operating under at least the Subject Domain Names. Chanel is presently unaware of the true names of Does 1-10 and will amend this Complaint upon discovery of the identities of such fictitious Defendants.

4. Defendants are the moving and conscious force behind the operation of various fully interactive, commercial websites operating under at least the Subject Domain Names.

5. Defendants are, upon information and belief, individuals and/or business entities who direct their business activities toward and conduct business with consumers within this District. Defendants are directly and personally contributing to, inducing and engaging in the advertisement, offering for sale, promotion and sale of goods using infringing and counterfeit marks as alleged herein as partners and co-conspirators.

6. Upon information and belief, Defendants are directly engaging in the promotion and sale of goods using infringements and counterfeits of the Chanel Marks within this District as alleged herein. Moreover, upon information and belief, Defendants have conspired with each other to jointly engage in the promotion, offering for sale and sale of goods using infringements and counterfeits of the Chanel Marks within this Judicial District through at least the fully interactive, commercial Internet based website businesses operating under the Subject Domain Names. Defendants, upon information and belief, also operate additional websites which promote and offer for sale goods under infringements and counterfeits of the Chanel Marks under domain names not yet known to Chanel. Defendants' entire Internet based website businesses amount to nothing more than a massive illegal operation, infringing on the intellectual property rights of Chanel and others.

7. Defendants have registered, established or purchased the Subject Domain Names. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Subject Domain Names by providing false and\or misleading information to their various Registrars during the Registration process.

8. Defendants' known and unknown domain names are essential components of Defendants' counterfeiting and infringing activities. The Subject Domain Names themselves, and any other domain names under which Defendants operate and\or maintain websites promoting and offering for sale counterfeit and infringing Chanel branded goods, are the means by which Defendants further their counterfeiting scheme and cause harm to Chanel. Defendants are wrongfully using counterfeits and infringements of the Chanel Marks to promote and attract customers to their website businesses. In short, counterfeits of the Chanel Marks are being used by Defendants to increase traffic to their illegal businesses which offer consumers a variety of counterfeit branded goods, including Chanel branded goods.

## COMMON FACTUAL ALLEGATIONS

9. Chanel is the owner of the following United States Federal Trademark Registrations:

| Trademark | Registration No. | Registration Date |
|---|---|---|
| CHANEL | 0,612,169 | September 13, 1955 |
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 0,902,190 | November 10, 1970 |
| CHANEL | 0,915,139 | June 15, 1971 |
| CHANEL | 0,955,074 | March 13, 1973 |
| ⓒ | 1,241,264 | June 7, 1983 |
| CHANEL | 1,241,265 | June 7, 1983 |
| ⓒ | 1,271,876 | March 27, 1984 |
| ℂ | 1,314,511 | January 15, 1985 |
| CHANEL | 1,347,677 | July 9, 1985 |

| Mark | Registration No. | Date |
|---|---|---|
| [CC logo] | 1,501,898 | August 30, 1988 |
| CHANEL | 1,510,757 | November 1, 1988 |
| CHANEL | 1,571,787 | December 19, 1989 |
| CC | 1,654,252 | August 20, 1991 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CC | 1,734,822 | November 24, 1992 |
| J12 | 2,559,772 | April 9, 2002 |
| [CC logo] | 3,022,708 | December 6, 2005 |
| C | 3,025,934 | December 13, 2005 |
| CC | 3,025,936 | December 13, 2005 |
| CHANEL | 3,133,139 | August 22, 2006 |
| CHANEL | 3,134,695 | August 29, 2006 |

(collectively the "Chanel Marks") which are registered in International Classes 9, 14, 18 and 25, and are used in connection with the manufacture and distribution of, among other things, handbags, wallets, shoes, boots, sunglasses, watches, and jewelry.

10. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality goods for an extended period of time. The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

11. The Chanel Marks are symbols of Chanel's quality, reputation and goodwill and have never been abandoned.

12. Further, Chanel has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

13.     Chanel has extensively used, advertised and promoted the Chanel Marks in the United States in association with the sale of various high quality luxury goods and has carefully monitored and policed the use of the Chanel Marks.

14.     As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing or sold under the Chanel Marks as being high quality merchandise sponsored and approved by Chanel.

15.     Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality luxury goods.

16.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

17.     Chanel has discovered Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale goods, including at least handbags, wallets, shoes, boots, sunglasses, watches, and jewelry, bearing counterfeit and infringing trademarks which are exact copies of one or more of the Chanel Marks (the "Counterfeit Goods"). Specifically, upon information and belief, Defendants are using the Chanel Marks in the same stylized fashion, for different quality goods

18.     Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of Chanel's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality goods offered for sale

by Chanel. The net effect of Defendants' actions will be to result in the confusion of consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from and approved by Chanel.

19. Defendants advertise their Counterfeit Goods for sale to the consuming public via at least the websites operating under the Subject Domain Names. In so advertising these goods, Defendants use the Chanel Marks. Indeed, Defendants herein misappropriated Chanel's advertising ideas and entire style of doing business with regard to the advertisement and sale of Chanel's genuine goods. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Chanel.

20. Upon information and belief, Defendants are conducting their counterfeiting and infringing activities and causing harm at least within this Judicial District and elsewhere throughout the United States. As a result, Defendants are defrauding Chanel and the consuming public for Defendants' own benefit. Defendants' infringement and disparagement of Chanel and its marks does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

21. Defendants' use of the Chanel Marks, including the promotion and advertising, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

22. Further, Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and

permanently enjoined by this Court, Chanel and the consuming public will continue to be damaged.

23. Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Chanel's genuine goods and Defendants' Counterfeit Goods.

24. Chanel has no adequate remedy at law.

25. Chanel is suffering irreparable injury and has suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

26. The injuries and damages sustained by Chanel have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

27. Chanel has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

28. Chanel hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 27 above.

29. This is an action for trademark counterfeiting and infringement against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

30. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing, at least handbags, wallets, shoes, boots, sunglasses, watches,

and jewelry bearing counterfeits and infringements of one or more of the Chanel Marks. Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell handbags, wallets, shoes, boots, sunglasses, watches, and jewelry bearing the Chanel Marks.

31. Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' Counterfeit Goods bearing the Chanel Marks.

32. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

33. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

34. Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

### COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

35. Chanel hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 27 above.

36. Defendants' Counterfeit Goods bearing and sold under the Chanel Marks have been widely advertised and distributed throughout the United States.

37. Defendants' Counterfeit Goods bearing and sold under the Chanel Marks are virtually identical in appearance to Chanel's genuine goods. However, the Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause

confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

38. Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Chanel.

39. Specifically, Defendants have authorized an infringing use of the Chanel Marks in Defendants' advertisement and promotion of their Counterfeit Goods. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

40. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

41. Chanel has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

### COUNT III - CLAIM FOR RELIEF FOR CYBERPIRACY UNDER §43(d) OF THE LANHAM ACTION, 15 U.S.C. §1125(d)

42. Chanel hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 27 above.

43. At all times relevant hereto, Chanel has been and still is the owner of the rights, title and interest in and to the Chanel Marks.

44. Upon information and belief, Defendants have acted with the bad faith intent to profit from the Chanel Marks and the goodwill associated with the Chanel Marks by registering the Subject Domain Names, which are identical confusingly similar to or dilutive of the Chanel Marks.

45. Defendants have no intellectual property rights in or to the Chanel Marks.

46. Defendants' actions constitute cyberpiracy in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

47. Defendants' conduct is done with knowledge and constitutes a willful violation of Chanel's rights in the Chanel Marks. At a minimum, Defendants' conduct is in reckless disregard of Chanel's rights or demonstrates willful blindness to Chanel's rights.

48. The aforesaid conduct is causing Chanel immediate and irreparable injury. Chanel has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Chanel demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

    a. Entry of preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any

way associated with Chanel; from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, or in any way endorsed by, approved by, and/or associated with Chanel; from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, handbags, wallets, shoes, boots, sunglasses, watches, and jewelry; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce; and from otherwise unfairly competing with Chanel.

      b.     Entry of an order requiring the Subject Domain Names, and any other domain names being used by Defendants to engage in the business of selling counterfeit Chanel branded goods, to be ordered disabled and/or immediately transferred by Defendants, their Registrar(s) and/or the Registry to Chanel's control.

      c.     Entry of an Order that, upon Chanel's request, the top level domain (TLD) Registries for the Subject Domain Names place the Subject Domain Names on Registry Hold status, thus removing them from the TLD zone files maintained by the Registries which link the Subject Domain Name to the IP address where the associated website is hosted.

      d.     Entry of an Order that, upon Chanel's request, those in privity with Defendants, and those with notice of the injunction, including any Internet search engines, Web hosts, domain-name registrars and domain-name registries that are provided with notice of the

injunction, cease facilitating access to any or all websites through which Defendants engage in the sale of counterfeit and infringing goods using the Chanel Marks.

  e. Entry of an order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each of the Defendants in the amount of two million dollars ($2,000,000.00) per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

  f. Entry of an Order requiring Defendants to account to and pay Chanel for all profits and damages resulting from Defendants' cyberpiracy activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count III, that Chanel be awarded statutory damages from Defendants in the amount of one hundred thousand dollars ($100,000.00) per pirated domain name used as provided by 15 U.S.C. §1117(d) of the Lanham Act.

  g. Entry of an order awarding Chanel corrective advertising damages.

  h. Entry of an order awarding Chanel pre-judgment interest on its judgment.

  i. Entry of an order awarding Chanel its costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

  j. Entry of an order awarding Chanel such other and further relief as the Court may deem just and proper.

Dated: October 5, 2010.

Respectfully submitted,

*/s/ Michael R. Katchmark*

Michael R. Katchmark
(VSB No. 40440)
Timothy J. Lockhart
(VSB No. 31028)
Counsel for Plaintiff Chanel, Inc.
WILLCOX & SAVAGE P.C.
Wells Fargo Center
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2243
Telephone 757-628-5500
Facsimile 757-628-5566
mkatchmark@wilsav.com
tlockhart@wilsav.com

And

Stephen M. Gaffigan (*pro hoc vice* pending)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Boulevard
Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone (954) 767-4819
Facsimile (954) 767-4821
E-mail: stephen@smgpa.net

Attorneys for Plaintiff CHANEL, INC

# SCHEDULE "A"
# SUBJECT DOMAIN NAMES

chanel-bag.net
chanel-bracelet.com
chanelearrings.net
chanel-earrings.net
chanelearrings.org
chanel-handbags.net
chanel-necklace.com
chanelnecklace.net
chanelnecklace.org
chanel-necklace.org
chanelpurse.net
chanel-purse.net
chanelpurses.net
chanelreplicawatch.com
chanel-replica-watch.com
chanel-ring.com
chanel-sunglasses.net
chanel-wallet.com
chanel-watch.net
chanelwatches.net
coco-chanel.org
handbags-chanel.com